# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RAMBO ASSOCIATES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SOUTH TAMA COUNTY COMMUNITY SCHOOL DISTRICT, <br><br> Defendant. | No. C04-0118 <br><br> **ORDER** |

This matter comes before the court pursuant to the plaintiff's September 15, 2005, motion to disqualify an expert witness and for extension of time to designate a rebuttal witness (docket number 13). The defendant resisted the plaintiff's motion on September 28, 2005 (docket number 16). The plaintiff's motion is granted in part and denied in part for the reasons set forth below.

## I.  RELEVANT FACTUAL HISTORY

In March of 1996, Plaintiff Rambo Associates, Inc., ("Rambo") and Defendant South Tama County Community School District ("STCCSD") entered into a written contract under which Rambo agreed to perform certain consulting services for STCCSD in STCCSD's preparations for a bond issue and subsequent construction of new educational facilities. The agreement set forth two phases of the project. Rambo alleges that Phase 1 consisted of STCCSD's preparations for the bond issue prior to voter approval and that Phase 2 consisted of the design and construction of new educational facilities, contingent upon voter approval of the proposed bond issue. Rambo alleges that it performed certain services beyond its contractual obligations during Phase 1 of the agreement in reliance of STCCSD's representations that it would continue to utilize Rambo's services during Phase 2. Rambo alleges STCCSD breached the agreement when it decided not to retain

1

Rambo's services for Phase 2.  Rambo subsequently instituted the instant action to seek relief.

As part of its defense to Rambo's suit, STCCSD named William M. Dikis, FAIA, as an expert witness.  STCCSD's Federal Rule of Civil Procedure 26(a)(2) designation and disclosure of Mr. Dikis's proposed testimony included a written report prepared by Mr. Dikis that outlined his review of the agreement between Rambo and STCCSD.  In the report, Mr. Dikis offered his interpretations of certain provisions of the agreement, including provisions 1; 3; 4; Attachment A; and Exhibit B AIA Document B141, Standard Form of Agreement Between Owner and Architect, 1987 version.

Rambo moves this court to bar Mr. Dikis from testifying as an expert pursuant to Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).  Rambo claims that Mr. Dikis's opinion is inadmissible because:  (1) it concerns the meaning and effect of the agreement, which Rambo claims are questions reserved solely for determination by the court and jury; (2) Mr. Dikis is not qualified to offer legal opinions; and (3) Mr. Dikis's opinion fails to meet the requirements for reliability set forth in Federal Rule of Evidence 702.  Rambo further moves this court in the alternative, should it not find in Mr. Dikis's favor, to extend the deadline for Rambo to designate a rebuttal witness.  STCCSD resists Rambo's motion on all points.

## II.  CONCLUSIONS OF LAW

### A.  Expert Testimony

The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702, which states in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court of the United States, in Daubert, further stated that "under the Rules [Federal Rules of Evidence] the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 579 U.S. at 589. Thus, "a proffer of expert scientific testimony," requires the trial court to determine pursuant to Federal Rule Evidence 104(a) "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Id. at 592. "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592–93.

## B. Contract Interpretation

"In a diversity case, [a] contract must be construed according to state law." Orion Fin. Corp. v. Am. Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002) (citing Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999)). Thus, the role of the federal courts in diversity cases "is to interpret state law, not to fashion it." Id.

The Iowa courts "[g]enerally review the construction and interpretation of a contract as a matter of law." Hartig Drug Co. v. Hartig, 602 N.W.2d 794, 797 (Iowa 1999). The District Court for the Northern District of Iowa has recently summarized the rules of contract interpretation and construction in Iowa. See Cochran v. Gehrke, Inc., 305 F. Supp. 2d 1045, 1055 (N.D. Iowa 2004). A court must engage in a process of interpretation "when the dispute concerns the meaning of certain contract terms." Id. (citing Kaydon Acquisition Corp. v. Am. Cent. Indus., 179 F. Supp. 2d 1022, 1037 (N.D. Iowa 2001) (citing Walsh v. Nelson, 622 N.W.2d 499, 503 (Iowa 2001); Fausel v. JRJ Enters., 603 N.W.2d 612, 618 (Iowa 1999))). Interpretation involves "'a process for determining the meaning of words in a contract'"; construction involves "'a process of determining the legal effect of such words.'" Id. (citing Fashion Fabrics of Iowa v. Retail Investors Corp., 266 N.W.2d 22, 25 (Iowa 1978)).

"The primary goal of contract interpretation is to determine the parties' intentions at the time they executed the contract." Id. (citing Hartig, 602 N.W.2d at 797). It requires the court to "determine 'what meanings are reasonably possible'" and "whether a disputed term is ambiguous." Id. (citing Restatement (Second) of Contracts § 202 cmt. a, at 87 (1981)). However, if a "dispute centers on determining the legal effect of contractual terms, the court" must engage in a process of construction. Id. at 1056 (citing Fausel, 603 N.W.2d at 618; Fashion Fabrics of Iowa, 266 N.W.2d at 25). In so doing, "'the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says.'" Id. (citing Iowa R. App. P. 6.14(6)(n)).

### III. ANALYSIS

#### A. Plaintiff's Motion to Disqualify Expert Witness

Mr. Dikis has been a practicing architect for the past thirty-eight years. He is currently a fellow of the American Institute of Architects. In addition to his report, Mr. Dikis provided a comprehensive curriculum vitae that leaves little doubt as to his credentials and accomplishments in the field of architecture. However, in his testimony, as outlined in his written report, Mr. Dikis opines as to his interpretation of certain provisions of the contract and whether those respective provisions were binding upon the parties. These are clearly issues of law reserved for the determination of the court and jury. See Hartig, 602 N.W.2d at 797.

In its resistance, STCCSD states that "Mr. Dikis is able to speak to the custom and practice within the architectural profession as to agreements between architects and owners as the one at issue in the case at bar." STCCSD also states that Mr. Dikis has extensive experience with standard form AIA (American Institute of Architects) documents and, given his vast architectural experience, is qualified to testify as to the fees sought by Rambo. This court agrees in part. Mr. Dikis may be qualified to testify about standard

4

form AIA documents,[1] how the agreement in question differs from standard AIA documents, and as to industry standard fees for the services Rambo provided to STCCSD. These are the boundaries of his testimony. As stated, he may not offer his opinion as to how the court and jury should interpret provisions of the agreement, which provisions he believes were binding upon the parties, nor as to the meaning or effect of any term or provision of the agreement.

B.  Plaintiff's Motion for Extension of Time to Designate Rebuttal Witness

Because the breadth of Mr. Dikis's proposed testimony has been severely limited, this court finds Rambo's request for an extension of time to designate a rebuttal witness unnecessary.

Upon the foregoing,

IT IS ORDERED that Plaintiff's motion to disqualify an expert witness is granted in part and denied in part in accordance with the boundaries outlined herein, and Plaintiff's motion for an extension of time to designate a rebuttal witness is denied.

December 1, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Depending on the purpose of this testimony.